# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:10-CV-357-RJC-DCK

| | |
|---|---|
| **BROCK & SCOTT, PLLC,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) **MEMORANDUM AND** |
| | ) **RECOMMENDATION** |
| **NISAA ALI and HUNI SEN HOTEP ALI,** | ) |
| | ) |
| **Defendants.** | ) |
| | ) |

**THIS MATTER IS BEFORE THE COURT** on "Petitioner's Bank Of America, N.A., And Substitute Trustee's, Brock & Scott, PLLC, Motions To Dismiss..." (Document No. 8) and "Petitioner's Bank Of America, N.A., And Substitute Trustee's, Brock & Scott, PLLC, Motion To Remand To State Court" (Document No. 10) filed on August 27, 2010. Defendants filed a response, "Motion To Dismiss Defendant Motions And Alleged Affirmative Defenses" (Document No. 13) on September 1, 2010. Plaintiffs have not filed a reply, and the time to do so has lapsed.[1] This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §636(b), and is now ripe for disposition.

Having carefully considered the arguments, the record, and the applicable authority, the undersigned will respectfully recommend that the motion to remand be granted and the motion to dismiss be denied as moot.

This matter involves a foreclosure action filed in the Superior Court of Mecklenburg County, North Carolina, case number 10-SP-4537. Apparently, the foreclosure action was initiated on May 14, 2010, with the filing of a "Notice of Hearing" setting the foreclosure hearing date for July 6,

---

[1] "If a party making a motion does not wish to file a reply brief, it must so inform the Court and opposing counsel promptly in an electronically filed notice." Local Rule 7.1(E).

2010. (Document No. 10, pp.1-2). Plaintiffs contend that Defendants were served with the Notice of Hearing on June 3, 2010. (Document No. 10, p.2).

Defendants filed a "Notice of Omnibus Motion..." (Document No. 1-2) and a "Notice Of Removal..." (Document No.1-3) in the state court action on June 16, 2010. It is thus clear that Defendants had received, through service or otherwise, copies of the initial pleadings on or before June 16, 2010. 28 U.S.C. § 1446 outlines the procedure for removal to federal court and provides in pertinent part:

> A defendant or defendants desiring to remove any civil action or criminal prosecution from a State court **shall file in the district court of the United States** for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.
>
> The notice of removal of a civil action or proceeding shall be filed **within thirty days** after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

28 U.S.C. § 1446 (a) & (b)(emphasis added).

Defendants' Notice of Removal (Document No. 1) was filed in this Court on August 4, 2010, at least forty-nine (49) days after Defendants had received a copy of the initial pleading setting forth the claim for relief upon which the state foreclosure action was based. On August 27, 2010, Plaintiffs filed the pending motions for remand and dismissal contending that the removal was untimely and that Defendants have failed to establish this Court's subject matter jurisdiction. The undersigned agrees.

2

Foreclosure actions brought under state law do not give rise to federal question subject matter jurisdiction. City of Durham v. Wadsworth, 2009 WL 186174 (M.D.N.C 2009) (remanding tax foreclosure action); McNeely v. Moab Tiara Cherokee Kituwah Nation Chief, 3:08-CV-293-FDW, 2008 WL 4166328 (W.D.N.C. 2008) (nothing in "simple foreclosure action of real property ... suggests the presence of a federal question"); Simpson v. Link, 3:10-CV-112-RJC-DSC, 2010 WL 1838181 (W.D.N.C. 2010)(same).

Moreover, even assuming *arguendo* that a foreclosure proceeding brought in state court may be removed to federal court, it is well settled that in order to be timely, a notice of removal must be filed within 30 days of the receipt by the removing party of the initial pleading, order or other document from which the removing party may ascertain that the case is removable to federal court. See 28 U.S.C. § 1446(b); Lovern v. General Motors Corp. 121 F.3d 160, 161-62 (4th Cir. 1997) (quoting statute); Roberson v. South Carolina Dept. of Corrections, 2010 WL 679070 (D.S.C. February 24, 2010) (same); In re Foreclosure of a Deed of Trust Executed by Prodev, XI, LLC by Eddie Hood, Manager, Present Record Owner(s) Braxton Village North, 2008 WL 5234301 (E.D.N.C 2008.) ("because ... filing of the Petition of Removal was untimely, and therefore procedurally defective ... the removal was procedurally improper, [and] the court need not consider whether it has subject matter jurisdiction over this case").

Defendants' response, in a very limited section addressing the issue, contends that the clerk of court instructed one of the Defendants on July 6, 2010, that "the case would automated be transfer to federal court by Brock & Scott." (Document No. 13, p.8). Under the circumstances, this statement seems illogical and is certainly insufficient grounds to toll the 30 day time period set forth in 28 U.S.C. § 1446(b).

3

As stated above, it is clear from the record that Defendants had notice of the parties to, and the nature of this proceeding no later than June 16, 2010, but did not file their notice of removal until August 4, 2010. The removal of this action was thus untimely, and the case must be remanded to the Superior Court of Mecklenburg County, North Carolina.

## RECOMMENDATION

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that "Petitioner's Bank Of America, N.A., And Substitute Trustee's, Brock & Scott, PLLC, Motion To Remand To State Court" (Document No. 10) be **GRANTED**; and that "Petitioner's Bank Of America, N.A., And Substitute Trustee's, Brock & Scott, PLLC, Motions To Dismiss..." (Document No. 8) be **DENIED AS MOOT**.

## NOTICE OF APPEAL RIGHTS

The parties are hereby advised that pursuant to 28 U.S.C. § 636(b)(1)(C), and Rule 72 of the Federal Rules of Civil Procedure, written objections to the proposed findings of fact, conclusions of law, and recommendation contained herein may be filed within fourteen (14) days of service of same. Responses to objections may be filed within fourteen (14) days after service of the objections. Fed.R.Civ.P. 72(b)(2). Failure to file objections to this Memorandum and Recommendation with the District Court constitutes a waiver of the right to *de novo* review by the District Court. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005). Moreover, failure to file timely objections will preclude the parties from raising such objections on appeal. Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Snyder v. Ridenhour, 889 F.2d 1363, 1365 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), reh'g denied, 474 U.S. 1111 (1986).

The Clerk is directed to send copies of this Memorandum and Recommendation to counsel

for the parties and the Honorable Robert J. Conrad Jr.

**IT IS SO RECOMMENDED**.

Signed: October 4, 2010

David C. Keesler
United States Magistrate Judge