# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

| | |
|---|---|
| BROCK & SCOTT, PLLC, | ) |
| Plaintiff, | ) |
| vs. | ) ORDER |
| NISAN ALI and HUNI SEN HOTEP ALI, | ) |
| Defendant. | ) |

**THIS MATTER** comes before the Court on Petitioner Bank of America and Plaintiff Brock & Scott, PLLC's Motion to Dismiss for Failure to State a Claim and for Lack of Subject Matter Jurisdiction (Doc No. 8) and their Motion to Remand to State Court (Doc. No. 10); Defendant Huni Sen Hotep Ali's Response in Opposition (Doc. No. 13); Magistrate Judge David Keesler's Memorandum and Recommendations ("M&R") (Doc. No. 15); and Defendant's Objections to the M&R (Doc. No. 17). For the reasons stated below, the Court adopts the magistrate judge's M&R and therefore GRANTS the plaintiff's Motion to Remand and DISMISSES AS MOOT the Plaintiff's Motion to Dismiss.

## I. BACKGROUND

Neither party has objected to the magistrate judge's statement of the factual and procedural background of this case; thus, the Court adopts the facts as set forth in the M&R.

## II. STANDARD OF REVIEW

"The Federal Magistrates Act requires a district court to make a de novo determination of those portions of the report or specific proposed findings or recommendations to which objection

is made.'" Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (quoting 28 U.S.C. § 636(b)(1)). Where timely objections are not filed, a district court is not required to conduct a de novo review, but must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Id. (quoting Fed. R. Civ. P. 72 advisory committee note) (internal quotation omitted). Similarly, de novo review is not required by the statute "when a party makes general or conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations." Id. Moreover, the statute does not on its face require any review at all of issues that are not the subject of an objection. Thomas v. Arn, 474 U.S. 140, 149 (1985); Camby, 718 F.2d at 200. Nonetheless, a district judge is responsible for the final determination and outcome of the case, and accordingly the Court has conducted a careful review of the Magistrate Judge's M&R.

## III. DISCUSSION

As explained in the M&R, the defendant's Notice of Removal (Doc. No. 1) was filed more than thirty days after his receipt of the initial pleading and is therefore untimely under 28 U.S.C. 1446. Moreover, even if the defendant was not procedurally barred, foreclosure actions brought under state law do not establish federal question subject matter jurisdiction. In response to the M&R, the defendant makes several contentions about the authority of the magistrate judge and the removal process generally, all of which are without merit.

First, Ali argues that Magistrate Judge Keesler could not lawfully reside over this case because the parties never consented to magistrate judge jurisdiction as required by 28 U.S.C. § 636(c). Ali incorrectly interprets Section 636's provision on consent jurisdiction to apply to all matters when, to the contrary, consent of the parties is not required for a magistrate judge to hear and determine certain pretrial matters. 28 U.S.C. § 636(b)(1)(a). Plaintiff's Motion to Remand

was a pretrial matter within the scope of the magistrate judge's authority under 636(b) and did not require consent from the parties to be heard by Magistrate Judge Keesler. Moreover, this court - which unquestionably has authority to hear this matter - has made a de novo determination of the magistrate judge's recommendations and accepted them in full.

Ali's second argument similarly misconstrues statutory text: he asserts that the Clerk of the Court committed fraud and obstruction of justice, aided and abetted by Magistrate Judge Keesler, because his case was not successfully transferred to federal court. For support, Ali severs one part of 28 U.S.C. 1446 (on how filing a notice of removal with the clerk of the state court "shall effect" the removal) from the rest of the text, which explains, *inter alia*, that a properly executed notice of removal is still subject to remand by the district court and also articulates the timeliness requirements (that Defendant failed to meet). This argument therefore has no legal basis and is rejected.

Third, Ali argues that he is a "foreign state" and thus should have had additional time to remove this case, pursuant to 28 U.S.C. 1441(d-e). Once again, however, this assertion is based on a misreading of statute. Specifically, Ali reads 28 U.S.C. § 1603(b)'s definition of a "foreign state" in the disjunctive instead of the conjuctive: while Ali does claim that he is not a citizen of a State or the United States, as required by Section 1603(b)(3), this is but one of three parts to the definition, and Ali fails to identify any way in which he is "an organ of a foreign state or policitcal subdivision thereof" as required by 28 U.S.C. 1603(b)(2). This Court thus finds that Ali is not a foreign state, and like every other defendant, is subject to the timeliness requirements of 28 U.S.C. § 1441.

Finally, Ali asserts that Magistrate Judge Keesler is "unfit to remain a member of any court and should be removed from further representation" and that the "issue of Rights of

3

Indigenous People (Murr's) and the lives which it takes and affects, is too important than to allow a member of the judicial system to pervert the Treaty Laws of Consitution, Banking Act and United Nations Declaration on the Rights of Indigenous People..." While the rights of indigenous people are certainly important, Ali's objection is not germane to the issue before the Court. Accordingly, all of Ali's objections are without merit, and this Court adopts the M&R without change.

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's Motion to Remand to State Court (Doc. No. 10) is **GRANTED**, and this matter is hereby **REMANDED** to the Superior Court of Mecklenburg County, North Carolina.

2. Plaintiff's Motion to Dismiss for Failure to State a Claim and for Lack of Subject Matter Jurisdiction (Doc. No. 8) is **DENIED AS MOOT.**

Signed: February 8, 2011

Robert J. Conrad, Jr.
Chief United States District Judge